

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2010

# Hong Fang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3729

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Hong Fang v. Atty Gen USA" (2010). *2010 Decisions.* Paper 477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3729
_____

HONG FANG,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A78-066-348)
Immigration Judge:  Honorable Craig De Bernardis

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2010
Before:  RENDELL, HARDIMAN AND ALDISERT, Circuit Judges

(Opinion filed  October 7, 2010
_____

OPINION
_____

PER CURIAM

        In October 2002, the Board of Immigration Appeals ("BIA") affirmed the decision

of an Immigration Judge ("IJ") to deny Hong Fang's application for asylum, withholding

of removal, and relief under the Convention Against Torture.  In February 2006, Fang

submitted a motion to the BIA to reopen the removal proceedings, which the BIA denied

as untimely. We denied Fang's subsequent petition for review. See <u>Fang v. Attorney</u>

<u>Gen. of the United States</u>, 241 F. App'x 903 (3d Cir. 2007).

In January 2008, Fang returned to the BIA with another motion to reopen. She

asked that removal proceedings be terminated, closed, or continued so that United States

Citizenship and Immigration Services could adjudicate her application to adjust her status

to a lawful permanent resident based on her marriage to a United States citizen. The BIA

denied Fang's motion. The BIA concluded that Fang's motion was time- and

number-barred and also declined to reopen the matter *sua sponte*, holding that Fang had

not shown an exceptional situation to merit reopening as a matter of discretion.

Fang presents a petition for review.[1] In her short <u>pro</u> <u>se</u> brief, she argues generally

that the BIA abused its discretion in denying her motion to reopen. She explains that the

BIA cited the number and time limitations and states that the BIA erroneously concluded

that she failed to demonstrate an exceptional situation that would warrant *sua sponte*

reopening. Fang argues that she has shown that her situation is exceptional and warrants

*sua sponte* reopening. The Government responds that we lack jurisdiction to review the

BIA's decision to decline to exercise its *sua sponte* authority to reopen. In the alternative,

the Government asks us to dismiss as moot Fang's claim that the BIA abused its

discretion in denying Fang's second motion to reopen.

---

[1]On Fang's motion, we held her case in abeyance pending a decision on her application for adjustment of status. The parties briefed the case after Fang notified us that her application had been denied.

2

We agree with the Government that the BIA's decision to decline to reopen Fang's proceedings *sua sponte* is a discretionary decision beyond our jurisdiction. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003) ("Because the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case.")

To the extent that Fang presents an issue beyond a claim relating to the BIA's discretionary decision, we also must dismiss the petition as moot because there is no longer a live controversy. "The existence of a case and controversy is a prerequisite to all federal actions." Phila. Fed'n of Teachers v. Ridge, 150 F.3d 319, 322 (3d Cir. 1998) (citation omitted). A live controversy is "a real and substantial controversy admitting of specific relief through a decree of conclusive character." Int'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 915 (3d Cir. 1987). The central question in the mootness analysis is whether meaningful or effective relief remains available. See id. at 916. In this case, we cannot say that it does. Fang sought reopening to terminate, close, or continue the removal proceedings pending the adjudication of her application to adjust her status. As Fang previously notified us, her adjustment application was denied in October 2009. Even if we were to remand this matter to the BIA, the remand would give her no relief because her reason for reopening, namely for "termination, administrative closure or simply a continuance, for a period of time long enough for the USCIS to adjudicate the adjustment application" R. 15-16, no longer exists.

3

For these reasons, we will dismiss Fang's petition for review.